IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

      v.                                      07-cr-171-bbc

TRACI MARTI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Traci Marti's supervised release was held in this case on July 24, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Elizabeth Altman. Defendant was present in person and by counsel, Toni Laitsch. Also present was Senior United States Probation Officer Helen Healy Raatz.

      From the record I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on April 3, 2008, following her conviction for bank fraud, in violation of 18 U.S.C. §1344(1), a Class B felony. She was committed to the custody of the U.S. Marshals Service for one day, with credit for

time served, with a three-year term of supervised release to follow.

Defendant began her term of supervised release on April 3, 2008. She stipulates that she violated Special Condition No. 6, which required a 120-day placement at Arc-Dayton residential substance abuse program. She was discharged from Arc-Dayton on May 20, 2008, for using prescription cough syrup on at least three occasions without staff knowledge.

Defendant's conduct falls into the category of a Grade C violation, as defined by §7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

On three separate occasions, defendant consumed a cough syrup with codeine that should have been kept with her property at Arc-Dayton. Instead, she jeopardized her placement at the center by hiding the prescription cough syrup behind a fence line. Defendant disclosed her opiate addiction after sentencing and after placement at Arc-Dayton.

Defendant is willing to enter a detoxification program and inpatient treatment, and a 120-day placement at Arc-Dayton. As an alternative to revocation, I am modifying her supervised release with the addition of a special condition requiring her to complete an

2

opiate detoxification program followed by an inpatient treatment placement at Tellurian. Upon completion of these two programs, defendant is to reside at Arc-Dayton residential reentry center with work release privileges for a period of 120 days. Detoxification, inpatient treatment and a placement at a federally-contracted reentry center will serve to hold defendant accountable, protect the community and provide defendant one last opportunity to receive community-based, residential substance abuse treatment.

ORDER

IT IS ORDERED that defendant's term of supervised release is modified by the addition of Special Condition No. 7:

> Defendant is to complete opiate detoxification at Tellurian Detoxification Center followed by inpatient treatment at Tellurian UCAN, Inc., 300 Femrite Drive, Madison, WI.

In all other respects, the judgment remains as entered on April 3, 2008.

Entered this 24th day of July 2008.

BY THE COURT:

/s/
BARBARA B. CRABB
Chief District Judge

3